# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>v.<br><br>TRACY LAMONT DAVIS,<br><br>    Movant. | Case No. 2:06-CR–114-KJD-PAL<br>           2:10-CV-0037-KJD-PAL<br><br>**ORDER** |

Presently before the Court is Movant's Motion to Vacate under 28 U.S.C. § 2255 (#103/104).

I. Background

On May 30, 2007 a superseding indictment (#46) was filed charging Movant Tracy Lamont Davis ("Movant" or "Defendant") with possession of 52.3 grams of cocaine base with the intent to distribute. Previously, on May 7, 2007, the Government had filed an Information (#38) notifying the Court and Movant that the Government intended to rely on a previous drug felony conviction to increase Defendant's punishment for the counts in the Indictment. On June 7, 2007, Movant filed a Motion to Re-Test (#56) the drug evidence in the case. On June 21, 2007, the magistrate judge held a hearing on Movant's Motion to Suppress (#36). At that hearing the magistrate judge ordered Movant's counsel to provide a written proposal for re-testing that would not affect the trial date and took the matter under submission.

Movant pled guilty to a charge of possession with intent to distribute a controlled substance on August 21, 2007. The plea agreement contained an express waiver of his right to have the drug quantity re-tested. He was sentenced to a term of imprisonment of 120 months on December 12, 2007. Movant filed a direct appeal of his conviction and sentence on December 19, 2007 which was dismissed by the Ninth Circuit Court of Appeals on December 11, 2008. Order on Mandate was issued by this Court on December 16, 2008. Movant filed the present motion on January 8, 2010.

Movant has now filed the present motion to vacate his sentence under 28 U.S.C. § 2255 asserting that he received ineffective assistance of counsel during his plea and sentencing and on appeal. In Ground One, construing Movant's *pro se* motion liberally, Movant asserts that he received ineffective assistance of counsel because he was not advised, before he pled guilty, that he could plea without admitting the drug quantity. In Ground Two, Movant asserts that trial and appellate counsel was ineffective for failing to assert on appeal that the Government's filing of a sentence enhancement under 21 U.S.C. § 851, for the career offender enhancement, was vindictive prosecution for Defendant's assertion of his right to have the drug quantity retested. Ground Three essentially asserts the same claim as ground one, that trial counsel was ineffective for failing to assert his right to have the drug quantity retested. Ground Four asserts that the Court erred by failing to require the drug quantity to be retested despite Movant's express waiver of that right in the plea agreement and colloquy.

II. Analysis

The familiar two-pronged test defined in Strickland v. Washington, 466 U.S. 668 (1984), controls claims asserting ineffective assistance of counsel. A claim of ineffective assistance of appellate counsel utilizes the same standard. Smith v. Robbins, 528 U.S. 259, 287 (2000). Under the first prong, the § 2255 defendant must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an objective standard of reasonableness. See Id. at 688. In evaluating counsel's performance, courts must not engage in the distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at

the time of the alleged errors. See Id. at 690. Furthermore, because counsel's competence is presumed, to satisfy this prong, a defendant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms. See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). To satisfy the second prong, the defendant must demonstrate that counsel's deficient performance prejudiced him. See Strickland, 466 U.S. at 687. Typically, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Id. at 694. The burden is undoubtedly on the defendant and unless he proves both prongs, his claims fail. See Id. at 687.

A. Ground One

In Ground One, Movant asserts that he did not knowingly, intelligently and voluntarily plead guilty, because he was not informed that he could plead guilty without admitting the drug quantity. However, this claim is belied by the Plea Memorandum (#78) which Defendant signed and admitted during canvassing by the Court that he had reviewed the agreement with his attorney before pleading guilty. The Plea Memorandum required Movant to admit the drug quantity was over 50 grams, exactly 52.3 grams. In return for this admission, the Government agreed to withdraw its Information filed under 21 U.S.C. § 851. That Information demonstrated that Defendant had a prior felony drug offense that would have raised the minimum sentence Defendant faced from ten (10) to twenty (20) years. See 21 U.S.C. § 841 (a)(1), (b)(1)(A)(iii).[1]

During his Change of Plea hearing, Movant admitted that he had read the Plea Memorandum, that he understood it, that he had reviewed it with his attorney and had all of his questions answered. It was also expressly stated that Movant voluntarily and knowingly waived his right to have the drug quantity tested in exchange for the promises contained in the plea memorandum. Therefore, Movant's first ground to vacate his sentence is without merit, because he cannot demonstrate that neither his trial counsel's nor his appellate counsel's performance was objectively unreasonable for

---

[1] In fact, when the subject offense was committed, Defendant was on supervised release for a prior drug felony. See 2:95-CR-00119-PMP-LRL.

3

failing to raise the issue of whether his guilty plea was entered knowingly, intelligently and voluntarily. Additionally, Movant has not shown that he was prejudiced, because he likely would have received at least the same sentence, if the drug quantity had been tested and fallen below the fifty gram threshold, because the Government would not have withdrawn the sentence enhancement for his prior drug felony which would have virtually doubled his eventual sentence.

### B. Ground Two

Construing Movant's *pro se* motion liberally, as the Court must, it appears that Movant is asserting that his trial and appellate counsel were deficient for failing to argue that the Government's filing of a sentence enhancement under 21 U.S.C. § 851 constituted vindictive prosecution. However, Movant is plainly subject to the enhanced sentencing provisions of Section 841 because he clearly had a prior felony drug conviction, for which he had been on supervised release at the time of the offense alleged in the Indictment. Furthermore, it is well within the government's discretion to use the threat of these sentencing enhancements as a bargaining tool during pretrial negotiations. See Bordenkircher v. Hayes, 434 U.S. 357, 364-65 (1978). Prosecutors may threaten additional charges to dissuade defendants from going to trial, and then carry through on those threats, without violating the Constitution. See United States v. Noushfar, 140 F.3d 1244, 1245 (9th Cir. 1998). Therefore, it was not objectively unreasonable for trial or appellate counsel to fail to raise the vindictive prosecution issue. The Court denies the motion to vacate based on Ground Two.

### C. Ground Three

In Ground Three, Movant argues that trial counsel was ineffective for failing to raise the drug quantity issue and make motions to ensure that it was measured correctly. However, the record clearly demonstrates that counsel did file motions to have the cocaine base re-weighed. See Defendant's Motion for Order to Re-Test Drug Evidence (#56). The magistrate judge considered the issue and seemed inclined to grant the motion. See Minutes of Proceedings (#60)(Court instructing Defense counsel to submit proposal regarding lab and logistics). However, Movant expressly withdrew the motion and waived his rights to have the quantity retested. Therefore, his counsel was

4

not ineffective, because he did act in a reasonable manner when he withdrew the motion to secure the Government's withdrawal of the sentencing enhancement. Ground Three is denied.

D. Ground Four

Movant asserts that trial counsel was ineffective in failing to object to the drug quantity named in the presentence investigation report. First, Movant continually misstates the drug quantity as being 50.2 grams when wet. The drug quantity was measured at 52.3 grams initially. It was not ineffective assistance for counsel to fail to raise this issue at sentencing or on appeal, because Movant had expressly admitted to the drug quantity and had bargained his right to have the quantity tested in order to obtain a more favorable plea agreement. Furthermore, he had waived his appellate rights on sentencing issues. Therefore, because Movant's counsel did not act objectively unreasonable, the Court denies Movant's fourth ground to vacate the sentence.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Vacate under 28 U.S.C. § 2255 (#103/104) is **DENIED**.

DATED this 20th day of December 2012.

_____
Kent J. Dawson
United States District Judge